IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cr-30148-8-DWD |
| ) | |
| NYESHIA ANDERSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DUGAN, District Judge:**

On May 3, 2022, Defendant Nyeshia Anderson's appointed counsel informed the Court that Defendant would like to have substitute counsel appointed to represent her (Doc. 138).  A hearing on Anderson's request is currently set for June 2, 2022 (Doc. 141). By Motion dated May 5, 2022, Defendant seeks an order authorizing non-custodial transportation and travel expenses for Defendant to attend the hearing on her request for substitute counsel (Doc. 142).  According to her counsel, Defendant currently resides in Las Vegas, Nevada and does not have the means to travel to East St. Louis, Illinois to attend the motion hearing.  Anderson's financial affidavit (Doc. 107) also indicates that she is of limited means.

> 18 U.S.C. § 4285 provides:
>
> Any judge … of the United States … may, when the interests of justice would be served thereby and the United State judge … is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to

1

>the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code.

The statute authorizes payment for travel to the Court and subsistence during the period of travel. *See United States v. Gundersen*, 978 F.2d 580, 584 (10th Cir. 1992). However, of the courts to decide this issue, the statute does not authorize payment for defendant's return home after the proceeding.  *See United States v. James*, 762 F. Supp. 1, 2 (D.D.C. 1991) (citing *United States v. Gonzales*, 684 F. Supp. 838, 841 (D. Vt. 1988); *United States v. Haley*, 504 F. Supp. 1124, 1129 (E.D. Pa. 1981)).  The statute further places the burden on defendant to demonstrate that she "is financially unable to provide the necessary transportation."  *Id.* (citing *Gonzales*, 684 F. Supp. at 840 (observing that this is an "especially heavy burden" because "[t]he fact that a defendant may be indigent for purposes of appointment of counsel . . . is a different standard. A person might not be able to pay for her own lawyer, but at the same time, be fully capable of finding gas money to appear at court.").

Whether to pay for transportation under 18 U.S.C. § 4285 is discretionary.  *United States v. Forest*, 597 F. Supp. 2d 163, 165 (D. Me. 2009); *United States v. Vaughan*, No. 01-20077-01-KHV, 2002 WL 1067456, at *1 (D. Kan. May 16, 2002) (citing *United States v. Sheehan*, 111 F.3d 130 (4th Cir. 1997); *United States v. Schooff*, 911 F.2d 740 (9th Cir. 1990)). In reviewing Defendant's Motion for Status of Appointed Counsel (Doc. 138), the Court finds that the authorization of transportation and travel expenses is not appropriate here

2

considering the relief requested in Defendant's motion.  Accordingly, her Motion (Doc. 142) is **DENIED**.

Instead, by separate order, the Court will **CONVERT** the current in-person hearing set for June 2, 2022 to a video conference hearing.  By **May 9, 2022**, Defendant **SHALL** provide the Court with the name and contact information for her current pretrial services officer in Nevada for the Court to make the necessary arrangements for the hearing.  Defendant should submit this information to the Court via email at DWDpd@ilsd.uscourts.gov.

**SO ORDERED.**

Dated: May 5, 2022

_____
DAVID W. DUGAN
United States District Judge